IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                           CAUSE NO. 3:23-CR-086-MPM-RP

RAMIREZ M. IVY

## ORDER

This cause comes before the Court on Defendant Ramirez Ivy's Motion for Acquittal [255] filed after his conviction for conspiracy to commit wire fraud and aiding and abetting wire fraud. For the following reasons, the Motion is denied.

### FACTS AND PROCEDURAL HISTORY

Mr. Ivy's conviction arises out of his participation in a scheme concocted by Lakeith Faulkner and Norman Beckwood to defraud the government by submitting fraudulent Economic Injury Disaster Loan ("EIDL") applications to the Small Business Association ("SBA").

In August 2021, prior to his involvement in the scheme, Mr. Ivy applied for an EIDL entirely on his own. In his application, Mr. Ivy significantly inflated his gross revenue for the year 2019. His application was denied.

Sometime in or before December 2021, Mr. Ivy's brother-in-law, Mr. Beckwood, connected him with Mr. Faulkner, an employee of the SBA. Using his insider knowledge about the SBA, Mr. Faulkner helped individuals receive EIDLs by creating fraudulent applications on their behalf in exchange for payment. Mr. Ivy and Mr. Faulkner began communicating, via text message, about Mr. Ivy's EIDL application. With the help of Mr. Faulkner, Mr. Ivy was able to reactivate his initial EIDL application for reconsideration by the SBA. Mr. Faulkner altered Mr. Ivy's Schedule C and submitted it to the SBA on Mr. Ivy's behalf. Mr. Ivy's loan was approved,

and he received $199,900. On March 1, 2022, Mr. Ivy sent Mr. Faulkner a check for $45,000 made payable to Mr. Beckwood.

In June 2023, the Grand Jury indicted Mr. Ivy, along with ten other individuals, on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and one count of aiding and abetting wire fraud in violation of 18 U.S.C. §§ 2, 1343. On September 11, 2024, after a three-day trial, the jury convicted Mr. Ivy on both counts. He subsequently filed this Motion for Acquittal [255].

## LEGAL STANDARDS

Federal Rule of Criminal Procedure 29(c) provides that a court may set aside a jury's verdict and enter a judgment of acquittal in a criminal case. The standard for reviewing such a motion is "whether a reasonable jury could conclude that the evidence presented, viewed in the light most favorable to the government, established the defendant's guilt beyond a reasonable doubt." *United States v. Duncan*, 164 F.3d 239, 242 (5th Cir. 1999) (citing *United States v. Pennington*, 20 F.3d 593, 597 (5th Cir.1994)). While the court may "weigh evidence and assess the credibility of the witnesses during its consideration of the motion for new trial, . . . [n]o such discretion is allowed when the court decides a motion for a judgment of acquittal." *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997) (citing *Tibbs v. Florida*, 457 U.S. 31, 37–38 (1982)).

## DISCUSSION

To obtain a conviction for conspiracy to commit wire fraud, the government must prove beyond a reasonable doubt that (1) two or more persons made an agreement to commit wire fraud; (2) that the defendant knew the unlawful purpose of the agreement; and (3) that the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose. 18 U.S.C. §§ 1343, 1349. Further, to prove aiding and abetting wire fraud, the government must prove that

(1) the offense of wire fraud in violation of Title 18, United States Code, Section 1343 was committed by some person; (2) that the defendant associated with the criminal venture; (3) that the defendant purposefully participated in the criminal venture; and (4) that the defendant sought by action to make that venture successful.

Mr. Ivy claims he is entitled to an acquittal because (1) the evidence presented did not meet the government's standard of proof, (2) Mr. Faulkner, by his own admission and actions, is inherently dishonest, (3) Mr. Faulkner's testimony was motivated by self-serving interests, and (4) the government's case relied upon assumptions, inferences, and speculation.

As previously mentioned, this Court may not re-weigh evidence and assess witness credibility when deciding a motion for acquittal. *Robertson*, 110 F.3d at 1117. The jurors are the ultimate arbiters of a witness's credibility, and the evidence should be viewed in the light most favorable to their verdict. *United States v. Shoemaker*, 746 F.3d 614, 623 (5th Cir. 2014); *United States v. Osum*, 943 F.2d 1394, 1405 (5th Cir.1991). Given the overwhelming weight of the evidence, including but not limited to the text messages between Mr. Ivy and Mr. Faulkner, this Court finds that the government met its burden.

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that Defendant's Motion for Judgment of Acquittal [255] is **DENIED**.

SO ORDERED this the 5th day of November 2024.

    /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI